# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CHRISTIAN D. COLON-SILVA,** | |
| Petitioner, | |
| v. | Civil No. 14-cv-01582 (ADC) |
| **WARDEN R.C. CHEATHAM,** | [Related to Crim No. 07-488-7 (ADC), and Civil No. 10-1450 (ADC)] |
| Respondent. | |

## OPINION & ORDER

On May 18, 2009, Christian Colón-Silva ("petitioner" or "Colón") was convicted, after pleading guilty, to one count of conspiracy to possess with the intent to distribute at least 2 but less than 3.5 kilograms of cocaine within 1,000 feet of a protected location, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 860 ("Count One"), and one count of aiding and abetting the possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. §§ 924(c)(1) (A)(i) and 2 ("Count Two"). **Crim. No. 07-488-7 (ADC), ECF No. 1892**. The Court sentenced petitioner to 97 months in prison as to Count One and 60 months in prison as to Count Two, to be served consecutively, for a total of 157 months in prison. *Id.* The Court also imposed a term of supervised release of 8 years as to Count One and 5 years as to Count Two, to be served concurrently. *Id.*

Colón now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, on the ground that the Court allegedly sentenced him relying on facts that he did not admit to in his

plea agreement in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2015). **ECF Nos. 1, 6**. Specifically, petitioner challenges the Court's imposition of a mandatory minimum prison term of 60 months for possessing a firearm in relation to a drug trafficking crime, 18 U.S.C. 924(c), and a 2-level increase to his offense level for his leadership role in the drug trafficking conspiracy, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1 (U.S. Sentencing Comm'n 2008). **ECF No. 6**. The Court now **DENIES** the petition.

I. **Procedural Background.**

Colón initially filed this petition in the Federal District Court for the Southern District of Florida. **ECF No. 1**. On July 1, 2014, Magistrate Judge Patrick A. White issued a Report and Recommendation in which he found that Colón's petition does not challenge the execution of his sentence, but instead challenges the validity of his sentence. **ECF No. 4**. Thus, although Colón filed his petition under 28 U.S.C. § 2241, the Magistrate Judge recommended that the petition be construed as one filed under 28 U.SC. § 2255 and transferred to the U.S. District Court for the District of Puerto Rico, which is the Court that imposed Colón's sentence. *Id.*

On July 22, 2014, U.S. District Judge Beth Bloom adopted the Report and Recommendation and ordered that the case be transferred to this Court. **ECF No. 7**. The case was initially assigned to U.S. District Judge Daniel R. Domínguez, who transferred the case to this Judge (**ECF Nos. 8, 9, 10)** who had sentenced petitioner, **Crim. No. 07-488-7 (ADC)**, and had denied his first petition for habeas relief under 18 U.S.C. § 2255, **Civ. No. 10-1450 (ADC)**.

## II. Discussion.

Colón filed his petition under 28 U.S.C. § 2241. A "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thornton v. Sabol*, 620 F.Supp.2d. 203, 206 (D.Mass. 2009) (emphasis in original) (quoting *Jiminian v. Nash*, 245 F.3d. 144, 146 (2nd Cir. 2001)). However, Colón does not challenge the execution of his sentence, but rather the sentence itself, as he believes that *Alleyne* renders it constitutionally deficient. And, "[t]he case law is clear that the proper vehicle for a collateral challenge to a criminal conviction and/or sentence is through a motion filed under section 2255 with the sentencing court." *Rodríguez v. Martínez*, 935 F. Supp. 2d 389, 395 (D.P.R. 2013).

Pursuant to § 2255(e), a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under § 2241 unless it becomes apparent that a motion to vacate under § 2255 is "inadequate or ineffective to test the legality of his detention." *Sustache-Rivera v. United States*, 221 F.3d 8, 12 (1st Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 38 (1st Cir. 1999). Petitioner has not argued, let alone shown, that §2255 is inadequate or ineffective. Thus, he "cannot raise his claims challenging the validity of his conviction through a motion under § 2241." *Rodríguez*, 935 F. Supp. 2d. at 396. Simply put, a "petitioner may not circumvent the[] statutory restrictions [of Section 2255] by filing a habeas petition under Section 2241 instead of Section 2255." *Barrett*, 178 F.3d at 50-52. Because of this, "any motion filed in the district court that falls within the scope of a motion to vacate under § 2255, is a motion to vacate

under § 2255, no matter what title the petitioner uses on the cover." *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008). And courts "regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from Section 2255, and, thus, must satisfy that section's gatekeeping provisions." *Id.*, (citing *United States v. Winestock,* 340 F.3d 200, 203 (4th Cir. 2003)). Thus, the Court will construe Colón's petition as one under Section 2255.

However, this is not Colón's first habeas petition, as, on September 9, 2013, the Court denied his first petition under §2255. **Civ. No. 10-1450 (ADC)**. A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Trenkler*, 536 F.3d at 96. "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Bucci v. United States,* 809 F.3d 23, 25-26 (1st Cir. 2015); see 28 U.S.C. § 2255(h). "When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Trenkler*, 536 F.3d at 98; *Bucci*, 809 F.3d at 26.

Here, the Court will dismiss Colón's second 2255 petition, instead of transferring it to the Court of Appeals, as a cursory glance at the petition shows it is meritless. Petitioner does not argue that he discovered new evidence that would establish his innocence. See **ECF Nos. 1, 6**. Instead, he argues that his sentence is contrary to the recent Supreme Court decision in *Alleyne*. *Id.* In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum

sentence for a crime is an element of the crime that must be submitted to the jury and proven beyond reasonable doubt. *See Alleyne*, 133 S.Ct.

*Alleyne* was decided on June 17, 2013. *Id*. Meanwhile, petitioner was sentenced on May 18, 2009. Thus, it was not possible for this Court to have violated *Alleyne* in sentencing him, as that decision was rendered four years after petitioner's sentence. Moreover, the Supreme Court has not held *Alleyne* to be retroactively applicable on collateral review, and the Court of Appeals for the First Circuit has held that "the rule announced in *Alleyne* is not retroactively applicable to sentences on collateral review on an initial habeas petition." *Butterworth v. United States.*, 775 F.3d 459, 468 (1st Cir. 2015). Therefore, *Alleyne* does not entitle petitioner to habeas relief.

Furthermore, even if *Alleyne* were retroactively applicable to petitioner's sentence, it would not entitle Colón to habeas relief. The Court sentenced him to 60 months in prison as to Count Two—aiding and abetting the possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. §§ 924(c)(1) (A)(i). **Crim. No. 07-488-7 (ADC), ECF No. 1892**. This is simply the mandatory-minimum sentence established by statute. *See* 18 U.S.C. § 924(c)(A)(i). Regarding the sentence as to Count One the record shows and the plea agreement clearly establishes that petitioner accepted his leadership role in the conspiracy, justifying the 2-level leadership enhancement. *Id.*, **ECF no. 1265**. For example, the plea agreement's sentencing guidelines calculation table includes a 2-level increase for petitioner's leadership role under U.S. Sentencing Guidelines Manual § 3B1.1 (U.S. Sentencing Comm'n 2008). *Id.* at 5. Consistent therewith, the statement of facts—which petitioner signed and initialed each page—states that Colón acknowledged that he was a member of the drug trafficking conspiracy charged in Count One

and was a drug point owner within the drug trafficking organization. *Id*. at 11. *See United States v. Ramírez-Negrón*, 751 F.3d 42, 53 (1st Cir. 2014) (owning a drug point in drug trafficking conspiracy warranted the 2-level leadership enhancement).

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner has not demonstrated that he was denied a constitutional right, the Court finds that petitioner is not entitled to a COA. Thus, the Court will not grant petitioner a COA pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings. Petitioner may still seek a certificate directly from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b)(1).

## IV. Conclusion

In light of the above, Colón's petition is **DENIED**, and the case is hereby **DISMISSED**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**